**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CLAUDIA DURAN,** | ) | |
| On Behalf of Herself and All Others | ) | JURY TRIAL DEMANDED |
| Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:  1:19-cv-10286 |
| | ) | |
| **CURRICULUM ASSOCIATES, LLC** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FLSA §216(b) Collective Action and FRCP Rule 23 Class Action**

Plaintiff Claudia Duran, on behalf of herself and all others similarly situated, by and through counsel, for her Original Complaint against Defendant Curriculum Associates, LLC ("Defendant") states as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff Claudia Duran is a former Account Specialist for Defendant. She performed data entry work and spoke to Defendant's customers primarily over the telephone. Defendant treated Plaintiff and other Account Specialists as exempt employees and did not pay them overtime.

2.    This is a collective and class action brought by Individual and Representative Plaintiff Claudia Duran on her own behalf and on behalf of the proposed collective and any sub-collectives and proposed classes and any sub-classes. Defendant employs and/or employed Plaintiff and the putative collective and class members as "Account Specialist," "Senior Account Specialist," and in other similar account specialist jobs, and

denied them overtime compensation as required by federal and Massachusetts state wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23.

3.      The FLSA Collective is made up of all persons who are, have been, or will be employed by Defendant as "Account Specialist," "Senior Account Specialist," and in other similar account specialist jobs (collectively as "Account Specialists"), within the United States at any time within the last three years through the date of final disposition of this action (the "Collective Period").

4.      During the Collective Period, Defendant failed to pay overtime compensation to each member of the respective collective as required by the FLSA. Plaintiff seeks relief for the FLSA Collective under the FLSA to remedy Defendant' failure to pay all wages due, pay appropriate overtime compensation, and maintain and distribute accurate time records, in addition to injunctive relief.

5.      The Rule 23 Class is made up on all persons who are, have been, or will be employed by Defendant as "Account Specialist," "Senior Account Specialist," and in other similar account specialist jobs (collectively as "Account Specialists"), within Massachusetts at any time within three years back from the filing date of this action (the "Class Period").

6.      During the Class Period, Defendant failed to pay all wages due including overtime compensation to each member of the Rule 23 Class. Plaintiff seeks relief for the Rule 23 Class under Massachusetts law including the Massachusetts Overtime Law, M.G.L. c. 151 §§ 1, 1A, and the Massachusetts Wage Act, M.G.L. c. 149 § 148, on behalf of a class of current and former employees who work or worked for Defendant as Account Specialists pursuant to Fed. R. Civ. P. 23, M.G.L. c. 149, § 150, and M.G.L. c. 151,

§§ 1B, 20.

7.    Defendant's policy and practice is to deny earned wages including overtime pay to its Account Specialists. In particular, Defendant require these employees to perform work in excess of forty (40) hours per week, but it fails to pay them overtime pay/premiums for such work hours.

8.    Defendant's deliberate illegal treatment of its Account Specialists which denies them wages including overtime compensation results in Defendant violating the FLSA and Massachusetts state law.

## PARTIES

9.    Plaintiff Claudia Duran currently resides in the Manchester, New Hampshire area. Defendant employed Plaintiff Duran as an Account Specialist from approximately July 5, 2017 through January 22, 2019 at Defendant's offices located in North Billerica, Massachusetts.   Plaintiff's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as an exhibit.

10.    Defendant Curriculum Associates, LLC is a Massachusetts limited liability company with its principal office located in North Billerica, Massachusetts.   Defendant Curriculum Associates, LLC does business in this judicial district and nationwide thru the internet and other media.

## JURISDICTION AND VENUE

11.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

12.    This Court has supplemental jurisdiction for all individual claims the Rule 23 Class assert under Massachusetts state law in that the claims under these Massachusetts state laws

are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative fact, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

13.  The United States District Court for the District of Massachusetts has personal jurisdiction because Defendant conducts/conducted business within this District.

14.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant has offices, conducts business, and can be found in the District of Massachusetts, and the causes of action set forth herein have arisen and occurred in part in the District of Massachusetts. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the state of Massachusetts.

## FACTUAL ALLEGATIONS

15.  "Founded in 1969, Curriculum Associates, LLC designs research-based print and online instructional materials, screens and assessments, and data management tools."  In 2018, Defendant appeared in the "37th annual Inc. 5000, the most prestigious ranking of the nation's fastest-growing private companies." *See* Defendant website: https://www2.curriculumassociates.com/aboutus/Press-Release-Curriculum-Associates-featured-on-37th-annual-Inc-5000.aspx.

16.  At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

17.  At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated employees. At all relevant

times, Defendant has had gross operating revenues in excess of $500,000.00 which is the threshold test for the "enterprise" requirement under the FLSA.

18.   Defendant paid Plaintiff and other Account Specialists on a salary plus bonus basis.

19.   Defendant did not pay Plaintiff and other Account Specialists any overtime premiums for hours worked more than forty (40) per week.

20.   Defendant did not require Plaintiff and the other Account Specialists to utilize any timekeeping system during this time period.

21.   Defendant uniformly applied its payment structure to all Account Specialists.

22.   Defendant suffered and permitted Plaintiff and other Account Specialists to work more than forty hours per week without overtime compensation for all hours worked. For example, Plaintiff and other Account Specialists regularly worked at least five days a week. They usually began work in the early morning. In addition, Plaintiff and other Account Specialists regularly worked into the evenings and on the weekends, causing their hours worked to exceed forty in a week on a regular basis.

23.   Defendant knew Plaintiff and other Account Specialists worked more than forty hours in a week because Defendant expected Plaintiff and Account Specialists to be available to receive phone calls and answer emails – from customers and from Defendant's management employees – in the mornings, evenings, and on weekends. Also, for example, Plaintiff and other Account Specialists were expected to timely respond to customer inquiries and/or questions after receiving them.  Plaintiff sometimes received these inquiries and/or questions in the evenings and on the weekends.

24.   Defendant uniformly denied Plaintiff and other Account Specialists overtime pay.

25.   In reality, Plaintiff and other Account Specialists are and were non-exempt employees

who are and were entitled to minimum wages and /or overtime pay for all hours worked.

26.    Plaintiff and the other Account Specialists had the same duties of data entry and directly working with customers.

27.    Plaintiff and other Account Specialists are and were entry-level employees who are and were entitled to minimum wages and/or overtime pay.

28.    Plaintiff and other Account Specialists did not customarily and regularly make sales at their customers' home or place of business.

29.    Plaintiff and other Account Specialists did not regularly supervise the work of two or more employees.

30.    Plaintiff and other Account Specialists did not exercise discretion and independent judgment as to matters of significance.

31.    Plaintiff and other Account Specialists did not perform office work related to Defendant's general business operations or its customers.

32.    Plaintiff and other Account Specialists had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

33.    All Account Specialists are similarly situated in that they share common job duties and descriptions, Defendant treated them as exempt employees at relevant times, and were all subject to Defendant' policy and practice that paid them a salary plus bonus, and they all performed work without overtime compensation for all hours worked.

34.    Defendant did not keep accurate records of the hours Plaintiff and other Account Specialists worked. Because Defendant did not pay Plaintiff and other Account Specialists for all the hours they worked, including overtime hours, Defendant' wage statements did not accurately reflect all hours Plaintiff and other Account Specialists

worked.

35.    Defendant did not provide Plaintiff and the other Account Specialists with accurate paychecks.

36.    Defendant did not pay Plaintiff and other Account Specialists for all of their overtime hours. Accordingly, Defendant did not provide Plaintiff and other Account Specialists with all compensation owed to them, including their unpaid overtime, at the time they separated from the company.

37.    Defendant are aware of wage and hour laws, as evidenced by the fact that they provide minimum wage and overtime compensation to other employees who are not Account Specialists.

38.    Defendant' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and other Account Specialists.

## FLSA Collective

39.    Plaintiff brings Count I on behalf of herself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees are:

All persons who are, have been, or will be employed by Defendant as "Account Specialists," "Senior Account Specialists," and other individuals who worked in similar job titles within the United States at any time during the last three years through the entry of judgment in this case ("FLSA Collective").

Plaintiff will subgroup the FLSA Collective as necessary for certification and/or litigation purposes.

40.    Upon information and belief, Defendant paid Plaintiff and the FLSA Collective on a salary plus bonus basis, and suffered and permitted them to work more than forty hours per week without overtime compensation.

41.    Defendant's unlawful FLSA conduct has been widespread, repeated, and consistent.

42.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

43.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are numerous similarly situated, current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

The Rule 23 Class

44.     Pursuant to M.G.L. c. 151 §§ 1, 1A, 1B and M.G.L. c. 149 §§ 148, 150, and Rule 23, Plaintiff brings the Massachusetts state law claims on behalf of herself and all others similarly situated which are all persons who Defendant employed in the state of Massachusetts at any time from three years back from the date this Complaint is filed until the entry of judgment in this case who held the position(s) of Account Specialist, Senior Account Specialist, and/or in other like jobs, were non-exempt employees within the meaning of the Massachusetts Labor Law, and who have not been paid for all hours worked, including overtime wages, in violation of the Massachusetts Labor Law.

45.     The Rule 23 Class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, Plaintiff, upon information and belief, states that there have been over forty (40) members of the Rule 23 Class during the Class Period.

46.  The claims of the Plaintiff and the Rule 23 Class are typical because they worked in the same and/or similar job with the same/similar illegal wage practices. Further, Plaintiff seeks to recover damages on her own behalf and on behalf of the Rule 23 Class Members.

47.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy because a series of such individual wage lawsuits would be duplicative, inefficient, and burdensome on this Court. This is particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court.

48.  Defendant has acted and/or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

49.  Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour, and class action litigation.

50.  There are issues of law and fact common to the Rule 23 Class because Defendant's wage payment practices applied to all Rule 23 Class members. The common issues of law and fact include:

    a.  Whether Defendant employed the Rule 23 Class Members within the meaning of the Massachusetts Labor Law;

    b.  Whether the Rule 23 Class Members are non-exempt employees within the meaning of the Massachusetts Labor Law;

    c.  Whether Defendant failed and/or refused to pay the Rule 23 Class Members for all hours worked by them including overtime hours with the meaning of the Massachusetts Labor Law;

d.  Whether Defendant is liable for all damages claimed in this Complaint, including but not limited to, compensatory, interest, treble damages, and attorney's fees and expenses, and;

e.  Whether Defendant should be enjoined from such violations of Massachusetts Labor Law in the future.

<u>Exhaustion of Administrative Remedies</u>

51.  Pursuant to M.G.L. c. 149, § 150, Plaintiff filed notice of her statutory claims with the Massachusetts Office of the Attorney General on February 14, 2019.

<u>**COUNT I**</u>
**Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT and Overtime Claims**

52.  Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

53.  The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at the applicable minimum wage for all hours worked up to forty hours per week, and a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week. 29 U.S.C. § 207(a)(1).

54.  Plaintiff and the FLSA Collective are entitled to be paid minimum wages and/or overtime compensation for all hours worked.

55.  Defendant, pursuant to their policies and practices, failed and refused to pay minimum wages and/or overtime premiums to Plaintiff and the FLSA Collective for all of their hours worked.

56.  Defendant violated the FLSA, 29 U.S.C. § 201 *et seq*. by failing to compensate Plaintiff and the FLSA Collective for all minimum wages and/or overtime compensation.

57.   By failing to record, report, and/or preserve accurate records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

58.   The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59.   Plaintiff, on behalf of himself and the FLSA Collective, seek damages in the amount of all respective unpaid minimum wages at the applicable rate and overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

60.   Plaintiff, on behalf of himself and the FLSA Collective seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

<u>**COUNT II**</u>
**Rule 23 Class Action Massachusetts State Law Overtime Claims**

61.   Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

62.   The Massachusetts Fair Minimum Wage Act requires that employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* Mass. Gen. L. c. 151 §1A.  As set forth above, Defendant's conduct in failing to pay Plaintiff and the Rule 23 Class Members the applicable overtime compensation violates M.G.L. c. 151, §§ 1, 1A.

This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

## COUNT III
### Rule 23 Class Action State Massachusetts Wage Act Claims

63.     Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

64.     As non-exempt employees, Plaintiff and the Rule 23 Class are entitled to be paid for all hours worked including overtime compensation.  Defendant's failure to pay overtime wages as required by 29 U.S.C. § 207 and Mass. Gen. L. c. 151 §§ 1, 1A, caused Plaintiff and the putative class members to be deprived of the full amount of their earned wages when same became due and payable, including upon their termination.

65.     Defendant willfully violated the rights of Plaintiff and the Rule 23 Class by failing to pay them for all hours worked including overtime hours in violation of M.G.L. c. 149, § 148.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

66.     Defendant's Massachusetts Labor Law violations have caused Plaintiff and the Rule 23 Class irreparable harm for which there is no adequate remedy at law.

67.     Due to Defendant's Massachusetts Labor Law violations, Plaintiff and the Rule 23 Class are entitled to recover from Defendant their unpaid wages for all hours worked including overtime, damages for unreasonably delayed payment of wages, treble damages as liquidated damages, and reasonable attorney's fees, costs, and disbursements, pursuant to the Massachusetts Labor Law.

**WHEREFORE,** Plaintiff, on behalf of herself and all similarly situated members of the FLSA Collective and Rule 23 Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of

Case 1:19-cv-10286-RGS  Document 1  Filed 02/14/19  Page 13 of 14

the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Certification of this action as a Class Action pursuant to Fed. R. Civ. P. 23 and/or M.G.L. c. 149, § 150;

C. Appointment of Plaintiff and her Counsel to represent the FLSA Collective and/or the Certified Class;

D. Judgment against Defendant for an amount equal to Plaintiff's and the FLSA Collective's unpaid wages including overtime wages at the applicable rates;

E. A finding that Defendant's conduct was willful;

F. An equal amount to the overtime wages as liquidated damages;

G. Statutory trebling of all wage-related damages;

H. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such further relief as the Court deems just and equitable.


## Demand for Jury Trial

Plaintiff, individually and behalf of all others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Dated February 14, 2019                    Respectfully submitted,

                                           Adelaide Pagano #690518
                                           Shannon Liss-Riordan, #640716
                                           LICHTEN & LISS-RIORDAN, P.C.
                                           729 Boylston Street, Suite 2000
                                           Boston, MA 02116
                                           Tel: (617) 994-5800
                                           Fax: (617) 994-5801
                                           apagano@llrlaw.com
                                           sliss@llrlaw.com
                                           www.llrlaw.com

                                           Rowdy B. Meeks*, Kansas Bar No.16068
                                           **Rowdy Meeks Legal Group LLC**
                                           8201 Mission Road, Suite 250
                                           Prairie Village, Kansas 66208
                                           Tel: (913) 766-5585
                                           Fax: (816) 875-5069
                                           Rowdy.Meeks@rmlegalgroup.com
                                           www.rmlegalgroup.com

                                           *pro hac vice motion forthcoming*

                                           Attorneys for Plaintiff