UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CLAUDIA DURAN, On Behalf of Herself and All Others Similarly Situated;

Plaintiff,

v.

CURRICULUM ASSOCIATES, LLC;

Defendant.

Civil action No: 1:19-CV-10286-RGS

## [PROPOSED] ORDER GRANTING FINAL APPROVAL TO THE PARTIES' SETTLEMENT AND DISMISSING THIS CASE WITH PREJUDICE

On January 16, 2020, the Parties to this action entered into a settlement agreement ("Settlement Agreement") and, on that same date, they moved for preliminary approval of that agreement and the terms thereof. On January 17, 2020, this Court granted preliminary approval to the Settlement Agreement, provisionally certified the Settlement Class, and directed that notice of the Settlement agreement, its terms, and the applicable procedures and schedules be provided to the proposed members of the Settlement Class. All members of the Settlement Class were given an opportunity to object to the settlement and/or opt out of it. No Settlement Class Member objected to or sought exclusion from the Settlement.

On April 10, 2020, the Parties filed a Joint Motion for Final Approval of Class Action Settlement and Order of Dismissal ("Final Approval Motion").

Upon review and for good cause shown,

**IT IS HEREBY ORDERED AND ADJUDGED THAT**, upon consideration of the Settlement Agreement, the Preliminary Approval Motion, the Final Approval Motion, as well as

1

the briefs, declarations, arguments in support of those Motions, and the proceedings in this action to date, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action, the Parties, and the Settlement Class that was preliminarily certified by virtue of the Court's January 17, 2020 Preliminary Approval Order.

3. The Court hereby **APPROVES** the settlement set forth in the Settlement Agreement. The Court finds that the Settlement is fair, reasonable, and adequate in all respects and that it is binding on Named Plaintiff and all members of the Settlement Class who did not timely and properly opt out pursuant to the procedures set forth in this Court's Preliminary Approval Order and the Settlement Agreement. The Court specifically finds that the settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement Agreement is the result of arms-length negotiations between experienced counsel representing the interests of Plaintiff and Defendant after thorough factual and legal investigation.

4. The Court finds, for settlement purposes only, that the Settlement Class satisfies the requirements for final certification under Fed. R. Civ. P. 23(a) and (b)(3).

5. The Settlement Class is **FINALLY CERTIFIED,** for final settlement purposes only, to effectuate the terms of the Settlement Agreement.

6. The Court confirms as final the appointment of Plaintiff's Counsel as Class counsel and Named Plaintiff as class representative of the Settlement Class.

7. The Settlement Notice, as authorized by the January 17, 2020 Preliminary Approval Order and as disseminated by Plaintiff's Counsel, adequately informed members of the Settlement Class of, among other things, the terms of the Settlement Agreement, the process available to them to obtain monetary relief, and the method to exclude themselves from the Settlement, as well as their opportunity to file written objections and to appear and be heard at the April 21, 2020 Final Approval Hearing. The Settlement Notice also adequately informed the members of the Settlement Class of the identity and contact information for Class Counsel for purposes of requesting additional information regarding the case and the proposed Settlement. The Court hereby finds that the Settlement Notice complied with due process and Fed. R. Civ. P. 23 and provided the best notice practicable under the circumstances.

8. Upon the Effective Date of the Final Approval Order, the Named Plaintiff, on behalf of the members of the Settlement Class, irrevocably and unconditionally releases, acquits, and forever discharges any claim that they may have against Defendant for attorneys' fees or costs associated with the instant action.

9. In the event that the Settlement does not become final, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, and without prejudice to the status quo ante rights of the Named Plaintiff, Settlement Class members and Defendant; the certification of the Settlement Class shall be vacated; and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

10. In accordance with and in the timeframe provided by the Settlement Agreement, Defendant will remit the Settlement Awards, the Fees and Expense Award, and the Service Payment to, respectively, the Settlement Class Members; Class Counsel; and Named Plaintiff.

11. The Court finds and determines that the payments to be made to the Named Plaintiff and Eligible Claimants, as provided in the Settlement Agreement, are fair, reasonable and adequate, and gives final approval to and orders that those payments be made to Plaintiff and Settlement Class Members in accordance with the formula and other terms set forth in the Settlement Agreement. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which Claim Amounts are to be calculated and made to Plaintiffs and Eligible Claimants are fair, reasonable, adequate.

12. By operation of the entry of this Order, all claims described in Paragraph 25 of the Settlement Agreement, in the Notice sent to Class Members, and in the Individual Release signed by Named Plaintiff, are fully, finally and forever released, relinquished and discharged. The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA, Fed. R. Civ. P. 23, and all other applicable law.

13. As provided for in the Settlement Agreement, the Named Plaintiff, and all members of the Settlement Class who did not timely and properly opt out pursuant to the procedures set forth in the Settlement Agreement, forever, fully, irrevocably and unconditionally release and discharge the Released Parties from all Released Claims that were or could have been asserted and that arose at any point in time during which such individual worked for Defendant up through entry of Final Approval.

14. All members of the Settlement Class who did not opt out of the Settlement shall release all Released Claims.

15. The Parties entered into this Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation or liability whatsoever to Named Plaintiff or the members of the Settlement Class, individually or collectively, liability being expressly denied by Defendant.

16. Class Counsel shall be awarded $141,666.00 for fair and reasonable attorneys' fees, and for reimbursement of costs and expenses in the amount of $1,715.00 incurred in connection with the prosecution of this litigation. Such fee award is to be paid from the Total Settlement Amount in full compromise and satisfaction of all attorneys' fees, costs, and expenses incurred by Class Counsel, as specified in the Settlement Agreement.

17. A Service Payment in the amount of $15,000 is approved to the Named Plaintiff, Claudia Duran, due to her performance of substantial services for the benefit of the Settlement Class, including for the time and effort expended in assisting in the prosecution of the litigation and the ultimate recovery. Such award is to be paid from the Total Settlement Amount, as specified in the Settlement Agreement.

18. Based upon the above, this case is hereby **DISMISSED** with **PREJUDICE**.

**DONE AND ORDERED**, this 21ST day of April, 2020

_/s/ Richard G. Stearns_
Honorable Richard G. Stearns
United States District Judge